FILED

2014 Feb-13  PM 12:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **LISA HAYGOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:13-CV-2166-VEH** |
| | ) | |
| **PRECISION HUSKY** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

This is a civil action filed by the plaintiff, Lisa Haywood, individually and as
personal representative of the estate of Quintin Ray Keeton.  (Doc. 1). All claims in
the complaint arise out of a tragic incident in which Keeton was killed while
operating a wood chipper.  The claims in the complaint are not set out in separate
counts.  Instead, in paragraphs 32 through 42, the complaint alleges various types of
negligence,[1] liability under the Alabama Extended Manufacturer's Liability Doctrine

---

[1]  Specifically, the complaint alleges negligence in the form of the breach of a duty to:

– carefully and safely design, manufacture, sell, distribute and/or install the wood
chipper and any component part thereof or any attendant equipment used or
available for use therewith (doc 1 at ¶¶ 32-33);

– provide proper instructions and warnings as to the proper installation, use, and
maintenance of said wood chipper, any component part thereof or any attendant
equipment used or available for use therewith (doc. 1 at ¶¶ 34-35); and

(doc. 1 at ¶ 38), breach of the implied warranty of merchantability (doc. 1 at ¶ 40), and that the defendant:

> impliedly represented that it had the skill, knowledge, and expertise to properly design, manufacture, inspect, advertise, sell, and distribute the wood chipper and any component part thereof or any attendant equipment used or available for use therewith free from any defects and further warranted its operating and maintenance features and characteristics were in accord with industry standards and practices adequate to assure the wood chipper was safe to use and suitable for the expected and intended use including the duty to equip and install the cleaning, maintenance, and operating procedure and adequate warnings of the foreseeable dangers adequate to alert users, consumers, and the decedent of the serious hazard created by the rotating inner wheel that continues to turn after the wood chipper is turned off.

(Doc. 1 at ¶ 42).

This case comes before the court on the defendant's motion to dismiss, filed on December 27, 2013. (Doc. 8). Pursuant to this court's Uniform Scheduling Order, "[t]he opponent's responsive brief shall be filed no later than fourteen (14) calendar days thereafter." (Doc. 3 at 23). The plaintiff's response to the motion was therefore due no later than January 10, 2014. However, because the court is converting the motion to a motion for summary judgment, under Appendix II to the court's Uniform Scheduling Order, the plaintiff's response was due no later than January 17, 2014.

_____

– warn of the dangers associated with the use of said wood chipper, any component part thereof or any attendant equipment used or available for use therewith (doc. 1 at ¶¶ 36-57).

2

(Doc. 3 at 14, "Appendix II: Summary Judgment Requirements.")  In any event, no response has been filed, and the deadline to do so has passed.

For the reasons stated herein, the motion will converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, the motion will be **GRANTED**, and this case will be **DISMISSED with prejudice**.

## I.     STANDARD

Attached to the pending motion is the affidavit of Bob Smith and the exhibits thereto.  Although the defendant refers to the motion as a motion to dismiss pursuant to Rule 12(b)(6), the rules provide that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  Because the court has considered Mr. Smith's affidavit, the motion is converted to a motion for summary judgment.[2]

Under Federal Rule of Civil Procedure 56, summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*,

---

[2] The plaintiff has been given reasonable time to respond the motion.  As noted above, the instant motion was filed on December 27, 2013.  The plaintiff has not filed a response, asked for an extension of time to respond, or asked for further discovery.

477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") (internal quotation marks and citation omitted).  The party requesting summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings in answering the movant. *Id.* at 324. By its own affidavits – or by the depositions, answers to interrogatories, and admissions on file – it must designate specific facts showing that there is a genuine issue for trial. *Id.*

The underlying substantive law identifies which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 229 F.3d at 1023. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving

4

party." *Id.* If the evidence presented by the non-movant to rebut the moving party's evidence is merely colorable, or is not significantly probative, summary judgment may still be granted. *Id.* at 249.

How the movant may satisfy its initial evidentiary burden depends on whether that party bears the burden of proof on the given legal issues at trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). If the movant bears the burden of proof on the given issue or issues at trial, then it can only meet its burden on summary judgment by presenting *affirmative* evidence showing the absence of a genuine issue of material fact – that is, facts that would entitle it to a directed verdict if not controverted at trial. *Id.* (citation omitted). Once the moving party makes such an affirmative showing, the burden shifts to the non-moving party to produce "significant, probative *evidence* demonstrating the existence of a triable issue of fact." *Id.* (citation omitted) (emphasis added).

## II.   FACTS

The decedent, Quintin Ray Keeton, was an employee of Berry Brothers Sawmill, Inc., located at 2000 Harper Cemetery Road, Cypress Inn, Tennessee 38452. (Doc. 1 at 2).  The sawmill was equipped with a wood chipper bearing serial number C1700, which was originally sold by the defendant in 1981.  (Doc. 1 at 2; doc. 8-1 at 3).  The complaint alleges that "[o]n or about November 30, 2012 . . . [Keeton]

attempted to remove the hood guard on the wood chipper . . . [when the hood guard] suddenly and without warning [flew] off the wood chipper and [struck Keeton] in the head, causing severe injuries that led to his death."  (Doc. 1 at 7).

## III.   ANALYSIS

The defendant asserts in its motion that this court should apply Tennessee law when evaluating the ability of the plaintiff to state a claim against it. More specifically, following Alabama's choice of law principles to this diversity of citizenship case,[3] the defendant maintains that because "the subject incident occurred in Tennessee, [p]laintiff's claims are governed by Tennessee substantive law, including the statute of repose contained in the [Tennessee Product Liability Act of 1978 ("TPLA")] which bars product liability actions commenced more than ten years from the first sale of the product."  (Doc. 8 at 4).  The court agrees.

As the Supreme Court of Alabama has articulated:

> *Lex loci delicti* has been the rule in Alabama for almost 100 years. Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred.

*Fitts v. Minnesota Min. & Mfg. Co.*, 581 So. 2d 819, 823 (Ala. 1991) (footnotes

---

[3] *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

6

omitted) (emphasis added); *see also, Ex parte U.S. Bank Nat. Ass'n*, No. 120904, 2014 WL 502370 at *9 (Ala. Feb. 7, 2014) (quoting *Fitts*).  Therefore, Tennessee <u>substantive</u> law applies.

However, "'[b]y legal tradition, most statutes of limitation are deemed <u>procedural</u> rather than substantive.'" *Etheredge v. Genie Indus., Inc.*, 632 So. 2d 1324, 1326 (Ala. 1994) (quoting Robert A. Leflar, et al., *American Conflicts Law* 348 (1986)) (emphasis added).  "'Where the statute of limitations [is procedural, and] goes only to the remedy, it seems to be the settled rule here that the *lex fori*, and not the *lex loci*, governs.'"  *Id.* (*quoting Mullins v. Alabama Great Southern Ry.,* 239 Ala. 608, 610, 195 So. 866 (1940)).  The Alabama Supreme Court has noted that

> Alabama courts will only apply another state's statute of limitations when it is demonstrated that "the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself." *Department of Revenue v. Lindsey,* 343 So.2d 535, 537 (Ala.Civ.App.1977). In other words, the limitation must be found to be a part of the "public policy" of the other state. See *Bodnar v. Piper Aircraft Corp.,* 392 So.2d 1161, 1163 (Ala.1980).

*Sanders v. Liberty Nat. Life Ins. Co.*, 443 So. 2d 909, 912 (Ala. 1983).

Judge L. Scott Coogler in this district recently found that the very statute at issue in this case, Tenn. Code Ann. § 29-28-103, "is substantive according to Alabama's choice of law principles." *Terrell v. Damon Motor Coach Corp*, 6:12-CV-02390-LSC, 2013 WL at *4 (N.D. Ala. Nov. 20, 2013) (Coogler, J.).  The court

further notes that in *Bramblett v. Nick Carter's Aircraft Engines, Inc.*, No. 294, 1991 WL 12284 (Tenn. Ct. App. Feb. 7, 1991), also dealing with a conflicts of law scenario, the Tennessee Court of Appeals held "that the ten-year limitation of action set forth in . . . § 29-28-103(a) <u>is substantive law</u>." *Bramblett v. Nick Carter's Aircraft Engines, Inc.*, 294, 1991 WL 12284 at *4 (Tenn. Ct. App. Feb. 7, 1991) (emphasis added). The undersigned agrees with Judge Coogler's analysis and holding, and that of the Tennessee court of appeals, and holds that the Tennessee statute of repose found in Tenn. Code Ann. § 29-28-103 is part of Tennessee substantive law and applies in this case.

That statute provides that "[a]ny action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition . . . must be brought within ten (10) years from the date on which the product was first purchased for use or consumption." Tenn. Code Ann. § 29-28-103. This statute applies to all of the claims asserted in this case. *See* Tenn. Code Ann. § 29-28-102 (including within the definition of "Product liability action" "all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product. 'Product liability action' includes, but is not limited to, all

8

actions based upon the following theories: strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent, or innocent; misrepresentation, concealment, or nondisclosure, whether negligent, or innocent; or under any other substantive legal theory in tort or contract whatsoever."). The Affidavit of Bob Smith, and the exhibits attached thereto, are unrefuted and demonstrate that the wood chipper in question was first sold by the defendant in 1981, and last sold by the defendant in 1996. (Doc. 8-1 at 3). Using either date,[4] the ten year statute of repose bars recovery in this case.

## IV.   CONCLUSION

Based on the foregoing, the motion to dismiss, as converted to a motion for summary judgment, will be **GRANTED**, and this case will be **DISMISSED with prejudice**.

**DONE** and **ORDERED** this 13th day of February, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[4]  The defendant notes that, even though the statute of repose runs from the date the wood chipper was first sold, there is at least one case which supports the statute running from a later date if the item had been "refurbished" on that later date. (Doc. 8 at 2 (citing *Fugate v. AAA Mach. & Equip. Co.*, 593 F. Supp. 392 (E.D. Tenn 1984)). The court will not set out that authority or argument in detail. It refers to this later date only to show that, even if an argument is made that the defendant refurbished the item in 1996, the action is still barred.